■ ROBERT C. REILLY, Respondent, v ELMER H. TAYLOR et al., Defendants, and SAM M. MICALIZZI et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Defen-

dants-appellants have not demonstrated that they are entitled to summary judgment dismissing the plaintiff's cause of action for intentional interference with a contractual relationship. We cannot say on this record that defendants-appellants did not use or participate in wrongful means to interfere with the performance by plaintiff of a prospective contractual relationship *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 190-191, 194; *Keviczky v Lorber,* 290 NY 297; *Williams & Co. v Collins Tuttle & Co.,* 6 AD2d 302; *see also, Simon v Electrospace Corp.,* 28 NY2d 136, 142; *Goodman v Marcol, Inc.,* 261 NY 188, 191-193; *Sibbald v Bethlehem Iron Co.,* 83 NY 378, 384-385). We do not determine whether plaintiff has submitted facts demonstrating a prima facie case. That determination must be made at the trial upon a full record. A defendant moving for summary judgment bears the burden in the first instance of submitting evidence showing that the plaintiff has no cause of action (CPLR 3212 [b]). Defendants-appellants have failed to sustain that burden. (Appeal from order of Supreme Court, Monroe County, White, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.